OPINION
{¶ 1} Appellant Shon Vodila ("father") appeals the April 2, 2004 Judgment Entry entered by the Stark County Court of Common Pleas, Juvenile Division, which approved and adopted father's second proposed shared parenting plan. Appellee is Serena Crawford Dewitt ("mother").
 STATEMENT OF THE FACTS AND CASE {¶ 2} Father and mother are the natural parents of the minor child, Asheton Vodila (DOB 8/7/00). The parties were never married. The child lived with both parents from his birth until September 2, 2002, when mother moved out of the home. Mother had advised father she wished to return to her home state of Pennsylvania with Asheton in May, 2002.
 {¶ 3} On August 19, 2002, father filed a Complaint for Custody in the Stark County Court of Common Pleas, Juvenile Division. The trial court appointed a guardian ad litem for the child. Via Agreed Entry filed January 3, 2003, the trial court issued temporary orders, which set forth a companionship schedule. The magistrate conducted a hearing on March 27, 2003, July 25, 2003, and November 13, 2003. The magistrate filed an Interim Magistrate Decision on December 9, 2003. The magistrate found it was in the best interest of Asheton mother be the residential parent under a shared parenting plan. The magistrate instructed the parties to mutually modify the proposed shared parenting plan submitted by father by February 2, 2004. The magistrate instructed the parties to continue to operate pursuant to the agreed temporary orders of companionship.
 {¶ 4} The magistrate conducted a status call hearing on February 19, 2004. Neither party had timely filed his/her proposed shared parenting plan, and the plans which were submitted failed to include the topics the magistrate specifically asked the parties to address. In her second Interim Magistrate Decision filed February 20, 2004, the magistrate referred the parties to mediation to craft a shared parenting plan.
 {¶ 5} The parties reappeared before the magistrate on April 1, 2004. By this date, mother had relocated to Maryland with her new husband, and father intended to also move to Maryland once he sold his home in Stark County. As such, the parties asked the magistrate to issue temporary orders regarding the companionship of Asheton until father's relocation occurred. Via Judgment Entry filed April 2, 2004, the magistrate approved and adopted father's second amended proposed shared parenting plan. The magistrate noted the shared parenting plan would go into effect upon full relocation of father. Until such time, the magistrate issued temporary companionship orders. Father filed timely objections to the magistrate's decision, specifically contending the magistrate erred in failing to designate him as the residential parent and legal custodian of Asheton. The trial court conducted a hearing on father's objections on July 1, 2004. Via Judgment Entry filed July 6, 2004, the trial court overruled father's objections, and approved and adopted the magistrate's decision as order of the court.
 {¶ 6} It is from this judgment entry father appeals, raising the following assignments of error:
 {¶ 7} "I. Trial court erred as a matter of law by adopting and approving fathers second proposed shared parenting plan upon relocation of father to maryland.
 {¶ 8} "II. The trial court erred as a matter of law by issuing orders to be followed for companionship pending relocation of appellant-father without designating residental [sic] and legal parent status to either party.
 {¶ 9} "III. The trial court abused its discretion by failing to find that it was in the best interest of the child to designate father the residental [sic] and legal custodian of the child.
 {¶ 10} "IV. The judgment of the trial court that the father not be the residential and legal custodian of the child is against the manifest weight of the evidence."
 I {¶ 11} In his first assignment of error, father submits the trial court's adoption and approval of his second proposed shared parenting plan effective upon his relocation to Maryland was erroneous as a matter of law. Father explains, because the shared parenting plan was not effective until he relocated, the approved plan was provisional; therefore, violated R.C. 3109.04(D)(1)(d).
 {¶ 12} Father failed to raise this alleged error in his objection to the magistrate's decision. Having failed to do so, we find father has waived the alleged error. {¶ 13} Father's first assignment is overruled.
 II {¶ 14} In his second assignment of error, father contends the trial court erred in issuing temporary orders without designating either party as the residential parent and legal custodian.
 {¶ 15} Father, likewise, did not raise this issue to the trial court in his objection to the magistrate's decision. As such, father has also waived this alleged error.
 {¶ 16} Father's second assignment of error is overruled.
 III, IV {¶ 17} Because father's third and fourth assignments require similar analysis, we shall address said assignments together. In his third assignment of error, father argues the trial court abused its discretion in failing to find it was in Asheton's best interest to designate father as the residential parent and legal custodian. In his fourth assignment of error, father challenges the trial court's failure to designate him as the residential parent and legal custodian as being against the manifest weight of the evidence.
 {¶ 18} With regard to the review of custody matters, the Ohio Supreme Court has stated:
 {¶ 19} "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. Trickey v. Trickey (1952),158 Ohio St. 9, 13, 106 N.E.2d 772. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct. See Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273." Miller v. Miller (1988),37 Ohio St.3d 71, 74.
 {¶ 20} R.C. 3109.04(F)(1), which sets forth the factors a trial court must consider in determining the best interest of the child, states, in pertinent part: "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to: (a) The wishes of the child's parents regarding the child's care; (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court; (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest; (d) The child's adjustment to the child's home, school, and community; (e) The mental and physical health of all persons involved in the situation; (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights; (g) Whether either parent has failed to make all child support payments * * *; (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense * * *; (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court; (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 21} In support of his position, father refers this Court to the testimony describing Asheton's relationship with his extended paternal family in Stark County, Ohio, and the testimony regarding Asheton's lack of relationship with his extended maternal family in Pennsylvania as well as lack of contact with mother's husband. Father also references evidence which he contends establishes mother's lack of cooperation and unwillingness to facilitate visitation and contact between father and Asheton. Father further notes the guardian ad litem recommended an award of custody to father if mother relocated.
 {¶ 22} The record clearly demonstrates both father and mother have strong bonds with Asheton and wish to continue fostering those bonds. The record reflects, and the magistrate found, "each parent is able and capable of carrying for the child" and "[e]ach family has great love and affection for" Asheton. However, the magistrate considered mother to be more mature and parent-like, noting father's immature attitude towards parenthood and the legal proceedings relative to this custody dispute. We find the magistrate sufficiently considered the best interest of Asheton as set forth in the statutory factors in its designation of mother as the residential parent and legal custodian. We further find there was a sufficient amount of substantial credible and competent evidence to support his designation and the trial court did not abuse its discretion in making this decision.
 {¶ 23} Father's third and fourth assignments of error are overruled.
 {¶ 24} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.